NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 4, 2007[*]
Decided April 4, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-4150

| | |
|---|---|
| CHARLES D. WATT, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., *Defendant-Appellee.* | No. 2:03-CV-137 <br><br> Rudy Lozano, *Judge.* |

**O R D E R**

Charles Watt sued State Farm Automobile Insurance Company, in Indiana state court for compensatory and punitive damages because, he says, it wrongfully delayed paying claims arising from a 1999 accident in which Watt suffered back and neck injuries after being rear-ended by an uninsured driver. State Farm removed the action to federal court. As relevant to Watt's lawsuit, Watt's State Farm insurance policy provided for uninsured motorist liability coverage up to $100,000

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

per person ($300,000 per occurrence) and medical payments up to $100,000 per person. Within about three years of the accident, State Farm completed its investigation of Watt's claims, paid him the policy's liability limits, and paid all of his medical expenses. In a well-reasoned order, the district court granted summary judgment for State Farm because Watt presented no evidence of bad faith.

On appeal Watt challenges the district court's factual findings, arguing that the district court erred when it failed to consider his assertions of fact. Watt fails, however, to cite in his *pro se* brief to any evidence from the record that supports his allegations that State Farm acted in bad faith during the pendency of his claim. *See* Fed. R. App. P. 28(a)(9). Only in his reply brief does he refer to "Exhibits" A through D, but these designations and the facts we are asked to consider bear no apparent relation to any record evidence. Although we are not required to sift through the record for evidence that might support Watt's contentions, *see Alexander v. City of South Bend*, 433 F.3d 550, 556 (7th Cir. 2006); *Estate of Moreland v. Dieter*, 395 F.3d 747, 759 (7th Cir. 2005), we have examined the record and have found no admissible evidence that creates a genuine fact dispute on Watt's claim of bad faith. Watt's mere speculation and unsubstantiated conjecture will not thwart summary judgment. *See Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003).

AFFIRMED.